### JEANE R. MANNING v. GEORGE T. MANNING

SUPERIOR COURT  MIDDLESEX COUNTY  FILE NO. 10352

Memorandum filed January 7, 1950.

*Everett J. Peckham,* of Deep River, for the Plaintiff.

INGLIS, J. This is an uncontested action to annul the marriage of the parties on the ground that at the time of the marriage the plaintiff was only seventeen years of age and had not received the consent of her parents to the marriage.

At common law nonage is a ground which renders a marriage void. However, nonage for a female is an age of under twelve years; so clearly the common law does not apply to this case. The plaintiff here relies solely on the fact that the marriage was entered into contrary to the statute which requires that in the case of a minor there shall be parental consent.

It is the well-established law of this state that no marriage performed in this state is to be held void or voidable except for some ground recognized at common law or for some ground which a statute expressly provides shall be ground for annul-

ment. *Gould* v. *Gould,* 78 Conn. 242. The statute invoked in this case does not expressly provide that failure to comply with it shall render the marriage either void or voidable. This is recognized in the *Gould* case, supra, 247, where it is said, with reference to a holding that the marriage of an epileptic, although prohibited by statute, is not voidable: "It may well be that the General Assembly were no more inclined to bastardize the issue of the marriage of an epileptic than that of a minor, married without parental consent."

It is concluded that lack of parental consent does not render a marriage performed in this state either void or voidable.

Judgment may enter denying the prayer for an annulment.